UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON DESHAWN JOHNSON,

      Petitioner,                                 Civil No. 2:11-cv-11134
                                                         Honorable Patrick J. Duggan

v.

RAYMOND BOOKER,

      Respondent,
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND EXTENSION OF TIME TO FILE NOTICE OF APPEAL

On March 18, 2011, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, with the assistance of counsel, challenging his state court convictions in 2006 for first-degree felony murder and possession of a firearm in the commission of a felony. In a February 18, 2014 opinion and order, this Court denied Petitioner's request for habeas relief and declined to issue a certificate of appealability. On the same date, the Court issued a judgment dismissing the petition for the writ of habeas corpus with prejudice. Presently before the Court is Petitioner's *pro se* Motion for Certificate of Appealability and Extension of Time to File Notice of Appeal, filed March 21, 2014.

In his motion, Petitioner asks the Court to reconsider its decision declining

to issue a certificate of appealability. Petitioner contends that the Court failed to appreciate the prejudice caused by the combined inactions or ineffectiveness of trial and appellate counsel. He seeks an extension of time to file his notice of appeal because it "is contingent on the granting of [his] motion for a [c]ertificate of [a]ppealability." (Pet.'s Mot. at 3.)

As set forth in the Court's February 14, 2014 decision, a certificate of appealability should issue only if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). Nothing Petitioner asserts in his pending motion convinces the Court that it erred in finding that he failed to make a substantial showing of the denial of a constitutional right. The Court therefore is denying his request for a certificate of appealability.

Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, Petitioner was required to file a notice of appeal "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Petitioner failed to comply with that time limit. Nevertheless, Rule 4(a) allows a district court to extend the time to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of

whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). Petitioner has moved for an extension of time within thirty days after the time prescribed for filing his notice of appeal expired. The Court finds that he has shown good cause for failing to file a timely notice of appeal. Specifically, he used the time to seek a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion for Certificate of Appealability and Extension of Time to File Notice of Appeal is **GRANTED IN PART AND DENIED IN PART** in that the Court declines to issue a certificate of appealability but grants Petitioner fourteen (14) days from this Opinion and Order to file his notice of appeal.

DATED: March 26, 2014   s/PATRICK J. DUGGAN
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies to:
Brandon Johnson, #513958
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI  48048

Gerald M. Lorence, Esq.
William M. Worden, Esq.